UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KUFFEL,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.  1:24-cv-00739-HBK<br><br>ORDER AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY[1]<br><br>(Doc. Nos.  12, 15) |

David Kuffel ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 12, 15-16). For the reasons set forth more fully below, the Court denies Plaintiff's motion for summary judgment, grants Defendant's motion for summary judgment, and affirms the Commissioner's decision.

**I.    JURISDICTION**

Plaintiff protectively filed for supplemental security income on March 2, 2021, alleging an

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 10).

onset date of February 15, 2017.  (AR 228-38).  At the hearing, Plaintiff amended the alleged onset date to March 2, 2021.  (AR 41).  Benefits were denied initially (AR 60-77, 100-05) and upon reconsideration (AR 78-94, 110-15).  Plaintiff appeared for a telephonic hearing before an administrative law judge ("ALJ") on December 6, 2022.  (AR 35-59).  Plaintiff testified at the hearing and was represented by counsel.  (*Id.*).  The ALJ denied benefits (AR 16-34) and the Appeals Council denied review (AR 1-6).  The matter is before the Court under 42 U.S.C. § 1383(c)(3).

## II.    BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 35 years old at the time of the hearing.  (AR 41).  He completed four years of college.  (AR 41, 267).  Plaintiff lived with his parents at the time of the hearing.  (AR 42).  He has work history as a cardiac monitor technician and unit clerk.  (AR 38-41, 51).  Plaintiff testified that he stopped working because he was "near suicidal."  (AR 43).  He reported he had a three and a half year illness, from age 22 to 25, where he lost 115 pounds, and since then has had panic attacks, depression, and post-traumatic stress.  (AR 44-45, 58).  Plaintiff described the illness as bad stomach cramps, nausea, diarrhea, and vomiting spells that would last for hours.  (AR 45).  He had his gallbladder removed and subsequently was treated with antiparasitic medication for amoebic dysentery, and during the illness he developed panic attacks.  (AR 45-46).  Plaintiff testified that he was recently diagnosed with "vasovagal syndrome or response that makes [him] have panic-like symptoms caused by muscle spasms in [his] abdomen" that last from three to eight minutes and require a three-to-five-hour nap after the panic attack.  (AR 47-48, 57).  He reported bouts of diarrhea typically a couple times a week, and fatigue makes it difficult to do chores.  (AR 48-49).

## III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the

Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.    FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the

claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five. At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the

claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 2, 2021, the application date. (AR 21). At step two, the ALJ found that Plaintiff has the following severe impairments: depressive disorder; generalized anxiety disorder; post-traumatic stress disorder (PTSD); and status-post gallbladder removal with abdominal pain, nausea, abnormal weight loss, and diarrhea. (AR 22). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 22). The ALJ then found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 416.967(b) except he can perform simple and routine tasks in a static work environment defined as an environment with predictable work tasks and minimal changes in schedule. The environment would stay essentially the same from day-to-day in terms of tasks to be performed and the physical surroundings. The claimant can have occasional contact with the public, but he cannot perform tasks that require interaction with the public to complete the task. He can perform occasional tasks that require teamwork. He must avoid workplace hazards, such as working at unprotected heights, operating fast or dangerous machinery, or driving commercial vehicles. He cannot perform jobs that require hypervigilance.

(AR 23-24). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 27). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including office helper, routing clerk, and marking clerk. (AR 28). On that

basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since March 2, 2021, the date the application was filed. (AR 29).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ's RFC determination is not supported by substantial evidence because she failed in her duty to develop the record and obtain an "updated" opinion; and

2. Whether the ALJ properly considered Plaintiff's symptom claims.

(Doc. No. 12 at 4-10).

## VII.   DISCUSSION

### A. Duty to Develop / RFC

"The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered," even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)) (internal quotation marks omitted). This duty is "triggered when the evidence is ambiguous or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001); *Thomas*, 278 F.3d at 958. However, the plaintiff bears the burden of presenting evidence in support of her alleged disability. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff generally argues that the ALJ "failed in her duty to develop the record and obtain an updated medial opinion regarding Plaintiff's physical conditions," and relatedly "failed to provide an analysis as to how Plaintiff's gastrointestinal impairments impacted his ability to sustain the work required of the RFC determination." (Doc. No. 12 at 6-7). Defendant argues that substantial evidence supported the ALJ's assessment of the opinion evidence and the RFC determination, and the ALJ was not required to further develop the record. (Doc. No. 15 at 4-10). The Court agrees. The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th

6

Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). Ultimately, a claimant's RFC is a matter for the ALJ to determine. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ ... to determine residual functional capacity.").

Here, Plaintiff expressly declines to challenge the ALJ's assessment of the state agency medical consultant opinions[2] under the new regulations; nor does he identify any opined functional limitations due to gastrointestinal issues that were not properly accounted for in the assessed RFC. (*See* Doc. No. 16 at 2); *see Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (where physician's report did not assign any specific limitations or opinions in relation to an ability to work, "the ALJ did not need to provide [reasons] for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions"). Rather, Plaintiff argues that because the opinions did not consider gastrointestinal impairments, the ALJ had a duty to develop the record and obtain an "updated medical opinion regarding Plaintiff's physical conditions." (Doc. No. 12 at 6-7). However, as noted by Defendant, it is widely held by Ninth Circuit courts that "[t]he mere existence of medical records post-dating a state agency physician's review does not in and of itself trigger a duty to further develop the record." *Stivers v. Saul*, 2021 WL 1193794, at *8 (E.D. Cal. Mar. 30, 2021) (citing *Charney v. Colvin*, 2014 WL 1152961, at *7 (C.D. Cal. Mar. 21, 2014), *aff'd*, 647 F. App'x 762 (9th Cir. 2016); *see also Rocha v. Comm'r of Soc. Sec.*, 2023 WL 4747689 at *8 (E.D. Cal. July 25, 2023) (("An updated opinion is not required simply because additional medical evidence is received after the State agency physicians

---

[2] State agency medical consultants J. Hartman, M.D. and D. Lee, M.D. opined that Plaintiff's physical impairments were non-severe. (AR 27 (citing AR 66, 84)). While not challenged by Plaintiff, the Court notes the ALJ's finding that these opinions were persuasive is supported by substantial evidence after proper consideration of the supportability and consistency factors under the new regulations. 20 C.F.R. § 416.920c(c)(1)-(2).

7

had already reviewed Plaintiff's records."). Here, the ALJ properly relied on state agency reviewing opinions and over 600 pages of medical records and treatment notes regarding Plaintiff's claimed impairments, including treatment notes relating to gastrointestinal issues. (AR 25-26). Thus, the record was sufficient for the ALJ to make a non-disability determination, and the ALJ did not err by failing to develop the record by obtaining an "updated" medical opinion where the record was adequate and unambiguous. *See LeBeouf v. Saul*, 2020 WL 5702240, at *10-11 (E.D. Cal. Sept. 24, 2020) (ALJ was not required to request a consultative examination in part because the "record contained what appears to be Plaintiff's complete treatment records, which supported the ALJ's finding and did not present an ambiguity or inadequacy."); *see also Findley v. Saul*, 2019 WL 4072364, at *6, (E.D. Cal. Aug. 29, 2019) (same).

Moreover, aside from generally citing the pertinent legal authority, Plaintiff fails to cite any 'raw medical data' or explain how it was purportedly interpreted by the ALJ in assessing the RFC. (*See* Doc. No. 12 at 5 (citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) ("In formulating an RFC, an ALJ cannot interpret raw medical data."))); *but see Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC."); *Bufkin v. Saul*, 836 Fed. App'x 578, 579 (9th Cir. 2021) ("Contrary to [plaintiff's] argument, the ALJ did not rely on her 'lay interpretation' of medical evidence. Rather, the ALJ simply summarized the medical evidence from [physicians]; she did not interpret any x-rays or test results directly. ALJs need not seek the opinion of a medical expert every time they review new medical evidence and make a RFC determination."). Here, the ALJ specifically considered treatment notes regarding Plaintiff's gastrointestinal and vasovagal "issues," including treatment for nausea status post-gallbladder removal, abdominal pain, abnormal weight loss, and diarrhea; a 2019 CT scan showing a "fat-containing umbilical hernia and additional tiny midline supraumbilical ventral hernia"; normal abdominal ultrasound in 2022; no concerning abnormalities on 2022 upper endoscopy and colonoscopy; and prescriptions to help control abdominal cramps, bloating, diarrhea, and muscle spasms. (AR 26 (citing AR 558-59, 824-25 (improvement with medication for diarrhea and bloating), 831 ("doing well managing his symptoms as they arise"), 836-37, 890-91, 911, 918,

1  925-26). As discussed in detail below, the ALJ also properly discounted Plaintiff's physical
2  symptom claims, including those related to gastrointestinal issues and panic attacks/vasovagal
3  episodes,[3] because they were inconsistent with the overall medical evidence of record and the
4  effectiveness of medication in his treatment history. (AR 25-26). For the foregoing reasons, the
5  Court finds no error in the ALJ's assessment of the RFC based on all relevant evidence in the
6  record. *See Bayliss*, 427 F.3d at 1217.

7  After viewing the ALJ's reasoning in light of the record as a whole, the Court finds the
8  RFC was supported by substantial evidence, and there was no ambiguity or deficiency in the
9  record that would trigger the ALJ's duty to develop the record.

10  **B. Symptom Claims**

11  An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding
12  subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).
13  The ALJ first must determine whether there is "objective medical evidence of an underlying
14  impairment which could reasonably be expected to produce the pain or other symptoms alleged."
15  *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment
16  could reasonably be expected to cause the severity of the symptom he has alleged; he need only
17  show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572
18  F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

19  Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the
20  ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ]
21  gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d
22  1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are

---

[3] In his opening brief, Plaintiff argues, without reference to any specific evidence in the record, that the assessed RFC fails to account for "demonstrated need for additional breaks to use the bathroom." (Doc. No. 12 at 6). In response, Defendant argues any error by the ALJ in considering the need for extra bathroom breaks would be harmless because the vocational expert at the hearing testified that the identified jobs Plaintiff could perform would not be impacted by an additional five-minute bathroom break at the end of each hour. (Doc. No. 15 at 8 (citing AR 53)). In reply, Plaintiff argues the question posed to the vocational expert did not reflect Plaintiff's testimony that he would need to rest for hours after he experienced panic attacks/vasovagal symptoms. (Doc. No. 16 at 3 (citing AR 47-48)). Regardless, as discussed *supra*, the ALJ gave clear, convincing, and specific reasons to discount Plaintiff's subjective testimony regarding both his claimed physical and mental impairments.

insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. (AR 24-25). In his opening brief, Plaintiff's sole argument is that the "ALJ's general summary offers no finding or conclusion as to what evidence undermines which portions of Plaintiff's alleged limitations." (Doc. No. 12 at 9 (citing *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("providing a summary of medical evidence in support of a [RFC] finding is not the same as providing clear and convincing reasons for finding the claimant's testimony not credible")). Defendant argues the ALJ "reasonably found Plaintiff's allegations of debilitating symptoms were inconsistent with the overall record." (Doc. No. 15 at 10-13). The Court agrees. At the outset, the Court may decline to consider this issue as Plaintiff fails to identify or challenge the ALJ's specific reasons for discounting Plaintiff's symptom claims in his opening brief. (*See* AR 23); *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d at 1161 n.2 (9th Cir. 2008); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Despite Plaintiff's waiver, the Court will briefly review the reasons given by the ALJ to discount Plaintiff's symptom claims.

As to both his mental and physical symptom claims, the ALJ found that "[a]lthough there is some evidence that lends some support for [Plaintiff's] allegations, his allegations are not entirely consistent with the evidence when considering the factors in Social Security Ruling 16-

3p." (AR 25-26). First, per SSR 16-3p, medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *See* SSR 16-3p, 2017 WL 5180304, at *5 ("We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record."); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain is not supported by objective medical evidence). In support of this finding, the ALJ set out evidence from the medical record including generally normal mental status examinations, normal abdominal ultrasound, and no "concerning abnormalities" on upper endoscopy or colonoscopy. (AR 25, 370, 379, 452, 454, 456, 558-59, 632-33, 708, 731-32, 774-75, 824-25 (improvement with medication for diarrhea and bloating), 831 ("doing well managing his symptoms as they arise"), 836-37, 890-91, 925-26). The lack of corroboration of Plaintiff's claimed limitations by the medical evidence was a clear, convincing, and unchallenged reason to discount Plaintiff's symptom claims.

Second, also pursuant to SSR 16-3p, the effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. *See* SSR 16-3p, at *7-8; 20 C.F.R. § 416.929(c)(3); *see also Tommasetti*, 533 F.3d at 1040 (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits). Here, the ALJ cited reports throughout the record detailing improvement in symptoms, including increased sociability and energy after taking mental health medication, Plaintiff's reports that he was managing his mental health symptoms as they arose, improvement in diarrhea and bloating when taking medication, and Plaintiff's reports of "progress with some of his physical symptoms and vomiting." (AR 25-26, 424, 452-53, 795, 811, 824-25, 831, 891). Based on the foregoing, effective control of Plaintiff's symptoms with treatment was a clear and convincing reason, supported by substantial evidence, for the ALJ to discount his symptom claims.

The Court concludes that the ALJ provided clear, convincing, and unchallenged reasons

for discounting Plaintiff's symptom claims.

## VIII.   CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ properly considered Plaintiff's symptom claims, properly assessed the RFC, and had no duty to further develop the record in this case.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 15) is GRANTED, and the decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.
3. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:   May 21, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE